UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80804-CIV-COHN/SELTZER

PRUCO LIFE INSURANCE COMPANY,

          Plaintiff,

vs.

STEVEN M. BRASNER, individually and as
Principal of Infinity Financial Group, LLC;
MARK A. TARSHIS; INFINITY FINANCIAL
GROUP LLC; WELLS FARGO BANK, N.A.,
as Securities Intermediary; and John Does 1-10

          Defendants.
_____/

## ORDER DENYING DEFENDANT STEVEN M. BRASNER'S
## MOTION TO VACATE JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Steven M. Brasner's Motion
and Declaration to Vacate Judgment [DE 76] ("Motion to Vacate").  The Court has
considered the Motion to Vacate and Plaintiff Pruco Life Insurance Company's
Response to the Motion to Vacate [DE 81] ("Response"), as well as Defendant Steven
M. Brasner's Motion for Stay of Depositions, Trial and All Deadlines [DE 77] ("Motion to
Stay"), Plaintiff's Response to the Motion to Stay [DE 82], Defendant Wells Fargo Bank,
N.A.'s ("Wells Fargo's") Response to the Motion to Stay [DE 84], and the record in this
case, and is otherwise advised in the premises.[1]

_____

[1] Mr. Brasner has not filed a Reply in support of his Motion to Vacate or his
Motion to Stay, and the time for filing such Replies has passed.

## I. BACKGROUND

On July 9, 2010, Plaintiff filed this action against Defendants Wells Fargo, Infinity Financial Group LLC ("Infinity"), Steven M. Brasner, Mark A. Tarshis, and John Does 1-10, for breach of contract, fraud, negligent misrepresentation, and civil conspiracy [DE 1]. The action relates to a $10 million insurance policy on the life of Arlene Berger ("the Berger Policy"), that was allegedly procured fraudulently as part of an illegal stranger-originated life insurance ("STOLI") scheme.[2] Plaintiff seeks a declaration that the policy lacked an insurable interest at inception and is therefore void *ab initio*, as well as compensatory and punitive damages, fees, and costs.

Mr. Brasner and his business, Infinity, were served with the Complaint on July 20, 2010 [DE's 9, 10]. On October 1, 2010, when Mr. Brasner and Infinity failed to appear, answer, or otherwise plead, the Clerk of Court entered defaults against them [DE's 32, 33]. On December 10, 2010, Plaintiff filed its Motion for Default Final Judgment [DE 55]. Mr. Brasner never contested the Clerk's entry of default, nor did he respond to the Motion for Default Final Judgment on behalf of himself or Infinity.

On January 4, 2011, the Court granted the Motion for Default Final Judgment against Mr. Brasner and Infinity [DE 61]. On February 10, 2011, over one month after the Court entered the Default Final Judgment and four months after the Clerk's entry of default, Mr. Brasner filed his Motion to Vacate Judgment.[3]

---

[2] "In a STOLI scheme, elderly people are recruited to take out life insurance policies on their lives and then sell the policies to investors, who pay the insurance premiums and collect the proceeds when the policy holders die." AXA Equitable Life v. Infinity Fin. Group, LLC, et al., Case No. 08-80611-CIV-HURLEY/HOPKINS, at DE 215 (S.D. Fla. Aug. 26, 2010).

[3] The Motion to Vacate only requests that the Court vacate the judgment entered against Mr. Brasner individually. Mr. Brasner does not request any relief on behalf of

2

## II. DISCUSSION

The "proper, and . . . exclusive, method for attacking a default judgment in the district court is by way of a Rule 60(b) motion." Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1507 (11th Cir. 1984) (citing Rule 55(c)).  Pursuant to Rule 60(b), a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

The Motion to Vacate states that when the Default Judgment was entered, Mr. Brasner "was not aware that a formal request for a stay could be possible on a pro se basis . . . He later learned that such a stay may be possible, as he discovered when he sought and received his stay in the Lloyd's Action."  Mot. to Vacate ¶ 7.  Construing the *pro se* Motion to Vacate liberally, Mr. Brasner appears to make arguments based on "excusable neglect" under clause (1) of the rule, and "any other reason justifying relief," under clause (6) of the rule.  See Fed. R. Civ. P. 60(b)(6).  As discussed below, the Court finds that Mr. Brasner has not demonstrated that he is entitled to relief under either clause.

### A. Excusable Neglect—Clause (1)

To establish excusable neglect under clause (1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good

_____

Infinity.  Therefore, the Default Final Judgment remains intact as against Infinity.

reason existed for failing to reply to the complaint." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (citing Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)).  Mr. Brasner has not satisfied any prong of the test.

The Motion to Vacate does not suggest any meritorious defense, nor does it provide any good reason for Mr. Brasner's failure to respond to the Complaint for over seven months.  With respect to the prejudice prong, Plaintiff notes that vacating the Default Judgment would prejudice Plaintiff because Plaintiff "will be forced to the back of the line of Mr. Brasner's many creidtors[, and] [g]iven the volume of civil and criminal litigation pending against Mr. Brasner, [Plaintiff] doubts whether any judgment obtained against Mr. Brasner at a later date will be enforceable."  Pl.'s Resp. to Mot. to Vacate ¶ 30.  Further, Plaintiff points out that "[s]etting aside the default in this matter and/or staying the case will not alter Mr. Brasner's stance with respect to the blanket Fifth Amendment privilege he has attempted to assert[, because] the Policy at issue in this action is not among the policies set forth in Mr. Brasner's criminal indictment."  Id.  Mr. Brasner has not demonstrated that setting aside the Default Judgment would not prejudice Plaintiff.  Therefore, to the extent that Mr. Brasner seeks relief based on the excusable neglect aspect of clause (1), the Court will deny such relief.

### B. Any Other Reason Justifying Relief—Clause (6)

Clause (6) "is a broadly drafted umbrella provision which has been described as 'a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.'" Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citing 7 J. Lucas & J. Moore, Moore's Federal Practice ¶ 60.27[2] at 375 (2d ed. 1982)).  The Eleventh Circuit maintains, however, "that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of

exceptional circumstances." Id. (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." Id. (citing United States v. Swift & Co., 286 U.S. 106, 119 (1932)).  Mr. Brasner has not met this burden here.

Mr. Brasner did not respond to the Complaint or any other motions or orders filed in this case for over seven months.  See Nat'l R.R. Passenger Corp. v. Patco Transp. Co., 128 Fed. App'x 93, 95 (11th Cir. 2005) (affirming denial of motion to vacate default judgment when defendant did not respond to complaint or anything else for over six months).  The Motion to Vacate Judgment concedes that during those months while Mr. Brasner was failing to comply with his obligations in this case, he was filing motions in other cases in which he is a defendant.  Specifically, on August 4, 2010, Mr. Brasner, through counsel, filed a motion to stay in AXA Equitable Life Insurance Co. v. Infinity Financial Group, LLC, Case No. 08-80611-CIV-HURLEY/HOPKINS, DE 208 (S.D. Fla. Aug. 4, 2010) ("AXA Equitable"), and on January 13, 2011, Mr. Brasner, acting pro se, filed a motion to vacate default and a motion to stay in Underwriters at Lloyd's, London v. AXA Equitable Life Insurance Co. et al., Case No. 10-62061-CIV-COOKE/BANDSTRA, DE's 26, 27 (S.D. Fla. Jan. 13, 2011) ("Underwriters at Lloyd's"). Mr. Brasner did not default in AXA Equitable.  Though the Clerk did enter a default against him in Underwriters at Lloyd's, Mr. Brasner moved to set aside that default the same day it was entered, explaining that he believed the plaintiff's counsel had provided him an extension of time that had not yet passed and that he had contacted the plaintiff's counsel the day before regarding his request for a stay.  Underwriters at Lloyd's, Case No. 10-62061-CIV-COOKE/BANDSTRA, DE 26.  In contrast, here, Mr. Brasner did not file his Motion to Vacate and Motion to Stay until well over four months

5

after the Clerk entered a default against him and over one month after the Court entered the Default Final Judgment. See AT&T Intellectual Prop. II, L.P. v. Puro, Case No. 6:08-cv-1032-Orl-28DAB, 2008 WL 4511023, at *3 (M.D. Fla. Oct. 7, 2008) (finding defendant failed to act promptly when default was entered August 8, 2008, and defendant filed his motion to vacate that on September 4, 2008, even before default judgment was entered). In light of these events, Mr. Brasner's arguments in his Motion to Vacate do not amount to "a showing of exceptional circumstances." Griffin, 722 F.2d at 680. Therefore, to the extent that Mr. Brasner seeks relief under clause (6), the Court will deny such relief.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Steven M. Brasner's Motion and Declaration to Vacate Judgment [DE 76] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendant Steven M. Brasner's Motion for Stay of Depositions, Trial and All Deadlines [DE 77] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this **3**<sup>RD</sup> day of May, 2011.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record via CM/ECF

Steven M. Brasner, *pro se*
3413 Dovecote Meadow Lane
Davie, FL 33328