UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80804-CIV-COHN/SELTZER

PRUCO LIFE INSURANCE COMPANY,

    Plaintiff,

vs.

STEVEN BRASNER, individually and as
principal of Infinity Financial Group, LLC,
MARK A. TARSHIS, Infinity Financial Group,
LLC, WELLS FAGO BANK, N.A., as Securities
Intermediary, and JOHN DOES 1-10,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO COMPEL INTERROGATORY ANSWERS

THIS CAUSE is before the Court on Motion of Defendant Wells Fargo Bank, N.A., as Securities Intermediary, to Compel Interrogatory Answers from Plaintiff Pruco Life Insurance Company (DE 96) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part as set forth below.

Pruco Life Insurance Company ("Pruco") brings this law suit to rescind a $10 million life insurance policy issued to Arlene Berger in early 2006. Pruco alleges that the Berger Policy was procured in accordance with a plan initiated by Defendants (none of whom possessed an insurable interest in Mrs. Berger's life) to sell the Berger Policy on the secondary market to a stranger-investor (in violation of Florida insurance law) and that the Berger Policy was, in fact, sold to a stranger-investor. Pruco alleges that the Berger Policy, therefore, was procured fraudulently and is an illegal wagering contract.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is the current owner and

beneficiary of the Berger Policy, as securities intermediary for the stranger-investor. The Complaint asserts one count against Wells Fargo. Count 1 alleges that the purposes of using Wells Fargo, as Securities Intermediary, was to conceal the lack of insurable interest in the Berger Policy and to gamble upon Mrs. Berger's life. Pruco seeks a judicial declaration that the Berger Policy lacked an insurable interest at inception and is, therefore, void *ab initio.* Wells Fargo, as Securities Intermediary, has filed a counterclaim on behalf of its client, alleging negligent misrepresentation regarding the validity of the Berger Policy. According to Wells Fargo, it's client relied on Pruco's verification of coverage in acquiring the Berger Policy.[1]

During the course of this litigation, Wells Fargo served on Pruco interrogatories; it now moves the Court to compel Pruco to provide better answers to its First Set of Interrogatories and to answer its Second Set of Interrogatories (DE 96). Pruco has responded to Wells Fargo's Motion to Compel (DE 110), and Wells Fargo has replied thereto (DE 127). The Motion, therefore, is ripe for decision.

## FIRST SET OF INTERROGATORIES

1.   The Motion with respect to Interrogatory No. 1 is GRANTED in part and DENIED in part. Interrogatory No. 1 requests Pruco to "identify the name and address of the person answering these interrogatories and their relationship to Plaintiff Pruco Life Insurance." Pruco responded that its outside counsel answered Interrogatory Nos. 1, 2, 3, and 4, and that Hope Farrell, of the Prudential Insurance Company of America, answered Interrogatory No. 5. Under Federal Rule of Civil Procedure 33(b), an

---

[1] Pruco has moved to dismiss Wells Fargo's counterclaim (DE 83); the motion remains pending before the District Court.

interrogatory directed to a corporate party must be answered "by an officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B).  Wells Fargo, therefore, argues that the Court should require Pruco to provide complete responses verified by the appropriate officer or agent.  Pruco responds that Interrogatory Nos. 2 through 4 seek "legal contentions, opinions of counsel, facts uncovered during the litigation, and other information that cannot properly be responded to by a non-attorney Pruco employee."  Response at 10 (DE 110).  Additionally, Pruco contends that outside counsel may properly answer interrogatories directed to its corporate client.  According to Pruco, the language of Rule 33 "'has been uniformly construed to authorize answers by an attorney for the party'" Id. at 11 (quoting Wilson v. Volkswagen, 561 F.2d 494, 508 (4th Cir. 1977).  Wells Fargo has failed to reply to this contention.  The Court, therefore, finds that Wells Fargo has abandoned this argument.

Additionally, Wells Fargo argues that Pruco has failed to identify the relationship of Hope Farrell (and The Prudential Life Insurance Company of America) to Pruco.  It argues that "[u]nless Pruco's answer is intended to imply that The Prudential Life Insurance of Company of America is the same entity as Pruco, the answer is deficient and the missing information should therefore also be compelled."  Motion at 5 (DE 96).  Pruco responds that it did not intend to imply Prudential is the same entity as Pruco.  Pruco, however, explains that it has informed Wells Fargo that there is some overlap in personnel between Pruco and Prudential and that Pruco has designated Farrell as the person to respond to Interrogatory No. 5.  According to Pruco, no other person would be appropriate, given the information sought.   Moreover, the Court notes that throughout this litigation, the parties have often referred to Pruco as "Prudential."  Indeed, in its counterclaim, Wells Fargo itself

3

states that it brings its counterclaim "against Plaintiff/Counterclaim-Defendant Pruco Life Insurance Company ("Prudential") and seeks damages against Prudential . . . ." Counterclaim, ¶ 1 (DE 73) (emphasis added).

With respect to Interrogatory No. 1, the Court will not require any further response by Pruco. Pruco's outside counsel, however, shall verify that it is answering Interrogatory No. 1, as well as Interrogatory Nos. 2, 3, and 4, as an agent of Pruco, as counsel has agreed to do. See Response at 11 n.4 (DE 110).

2. The Motion with respect to Interrogatory Nos. 2, 3, and 4 is GRANTED in part and DENIED in part. Interrogatory No. 2 states: "If you contend that a 'pre-existing agreement' existed at or before the inception of the Berger Policy regarding the policy's sale to the secondary investor market, identify all persons who were parties to that agreement, the terms of that agreement and all facts that you claim support your contention." Interrogatory No. 3 states: "If you contend that financing the premiums for the Berger Policy divested the initial policy beneficiary of an insurable interest, identify all facts that you support your claim." And Interrogatory No. 4 states: "If you contend that the Berger Policy lacked an insurable interest at its inception, identify all facts that you claim support your contention." These interrogatories are contention interrogatories seeking the factual bases supporting Pruco's claims.

Pruco objects to Interrogatory Nos. 2, 3, and 4 on the ground that they seek information protected by the attorney-client privilege, including legal conclusions and opinions of counsel. This objection, however, must be overruled. The attorney-client privilege protects the disclosure of confidential communications between a client and his attorney; it, however, does not protect the disclosure of the underlying facts. Upjohn Co.

4

v. United States, 449 U.S. 383, 395 (1981). Additionally, Federal Rule of Civil Procedure 33(a) provides in pertinent part: "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."[2] As explained in the Rule 33 Advisory Committee Notes to the 1970 Amendments, "requests for opinions or contentions that call for the application of law to fact . . . can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." See also Suncast Technologies, L.L.C. v. Patrician Products, Inc., No. 07-80414-CIV, 2008 WL 179648, at *10 (S.D. Fla. Jan. 17, 2008) ("[C]ontention interrogatories constitute a valid and constructive discovery tool when used correctly).

As the Court in Sheehy v. Ridge Tool Co., No. 3:05-CV-01614 (DFD)(TPS), 2007 WL 1020742, at *1 (D. Conn. Apr. 2, 2007), has explained:

> Interrogatories interposed under Rule 33(c), otherwise known as contention interrogatories, serve "to discover the theory of the responding party's case." Salter v. I.C. Sys., Inc., No. 3:04CV1566(RNC), 2005 WL 3941662, at *1 (May 3, 2005). They seek to elicit the responding party's contentions by asking it to state the factual basis underlying its substantive legal claims. As long as the interrogatories call for responses which contain mixed questions of law and fact they are permissible under Rule 33(c). On the other hand, interrogatories that call for answers that "would involve a statement of pure law" remain impermissible. 33 Moore's Federal Practice § 33.79 (Matthew Bender 3d ed.).

Id. Here, Interrogatory Nos. 2, 3, and 4 request Pruco to identify the facts that support

---

[2] Rule 33(a) also provides that "a court may order that [such contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). Here, Pruco has argued that Wells Fargo's contention interrogatories are premature because discovery has not been completed. Although that may have been true when Pruco filed its response, the July 15, 2011 discovery deadline is now rapidly approaching.

three of its contentions.  Contrary to Pruco's assertions, these Interrogatories do not call for pure legal conclusions nor do they require Pruco to "describe in detail every shred of evidence, and the accompanying legal opinions and conclusions, upon which Pruco may rely in support of its contention that the Berger Policy lacked an insurable interest at inception."  Response at 5 (DE 110).  The Court concludes that Interrogatory Nos. 2, 3, and 4 are proper contention interrogatories; it, therefore, will now address Pruco's substantive responses.

In response to Interrogatory No. 2, relating to a "pre-existing agreement" (as alleged in ¶ 60 of the Complaint), Pruco first identified the persons and entities that "may have been parties to an agreement to sell the Berger Policy in the secondary market."  Whether a pre-existing agreement existed is central to the case.  In order to prevail on its claim that no insurable interest existed, Pruco must demonstrate that an agreement to assign the policy to an entity without an insurable interest in Mrs. Berger's life existed at or prior to the inception of the Berger Policy.  Wells Fargo argues that by rewording Interrogatory No. 1 to provide an answer only with respect to an agreement to sell the Berger Policy in the secondary market, Pruco avoids answering the contention portion, which asks whether Pruco contends an agreement existed at or before the inception of the Berger Policy.  The Court agrees.  Accordingly, Pruco shall directly answer whether it is contending that a "pre-existing agreement" <u>existed at or before the inception</u> of the Berger Policy regarding the policy's sale to the secondary investor market.[3]

---

[3] Pruco also objected to Interrogatory No. 2 as being overbroad and burdensome. These objections are overruled; the Court finds Interrogatory No. 2 neither overbroad nor unduly burdensome.

In response to the portion of Interrogatory No. 2 requesting Pruco to identify the terms of any such "pre-existing agreement" and the facts that support such contention, Pruco merely states: "As to the terms of the agreement and the facts that support Pruco's contention, Pruco directs Wells Fargo to the allegations in Pruco's Complaint, which are consistent with the discovery taken to date." Similarly, in response to Interrogatory No. 4, which seeks facts as to Pruco's contention that the Berger Policy lacked an insurable interest at its inception, Pruco directs Wells Fargo to the allegations of the Complaint, "which are consistent with the discovery taken to date." However, it is improper for a party to answer an interrogatory by reference to the pleadings or other outside materials. See Anderson v. United Parcel Serv., Inc., No. 09-2526-KHV-FJW, 2010 WL 4822564, at *6 (D.Kan. Nov. 22, 2010) ("[C]ourts typically hold that referring the propounding party to other pleadings, or incorporating by reference portions of other pleadings such as the complaint, is insufficient to answer an interrogatory."); Equal Rights Center v. Post Props., Inc., 246 F.R.D. 29, 35 (D.D.C. 2007) ("Because Rule 33(b)(1) requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories."). A defendant "should not have to comb through the numerous allegations" of a complaint "to attempt to guess what specific factual information" is responsive to a defendant's interrogatory. Anderson, 2010 WL 4822564, at *6. Accordingly, Pruco shall fully and completely answer Interrogatory Nos. 2 and 4, without reference to any outside materials.

As noted above, Interrogatory No. 3 states: "If you contend that financing the premiums for the Berger Policy divested the initial policy beneficiary of an insurable

7

interest, identify all facts that you support your claim." Pruco responded that it "presently does not take the position that the premium financing agreement in this case, in and of itself, has divested the Berger Policy of an insurable interest. Pruco reserves the right to amend this response as needed." According to Wells Fargo, Pruco has alleged that the presence of premium financing is at least an indicia of a policy lacking an insurable interest. Wells Fargo contends that by qualifying its response by stating the premium financing "in and of itself" did not divest the Berger Policy of an insurable interest, Pruco has "avoided confirming the question of whether or not it contends that premium financing played *any* role in divesting the Berger Policy of an insurable interest." Motion at 8 (DE 96) (emphasis in original). Wells Fargo, therefore, argues that Pruco should be required to verify its position and identify the facts supporting this contention. Interrogatory No. 3, however, does not ask Pruco whether it contends that the premium financing played "any role" in divesting an insurable interest; rather, it asks whether Pruco is contending that the premium financing divested an insurable interest. Pruco's response denies the contention, as phrased. Accordingly, the Motion with respect to Interrogatory No. 4 is DENIED.[4]

3. The Motion with respect to Interrogatory No. 5 is DENIED. Interrogatory No. 5 states:

> Please identify by name, telephone number and last known address all persons, including, but not limited to employees, consultants, independent contractors, and legal counsel, who participated in any way in assisting you in responding to verification of coverage requests from secondary market providers and/or brokers. 'Assistance' for the purposes of this

---

[4] In its response to Interrogatory No. 4, Pruco reserved the right to amend its answer as needed. If Pruco has changed its position, it shall amend its answer to this Interrogatory.

8

> interrogatory, shall include, but not be limited to providing direct responses to such providers and brokers as well as helping Pruco establish protocols and guidelines for providing such responses.

Pruco objected to this Interrogatory on the grounds that it is overly broad and unduly burdensome and that it seeks discovery of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Nothwithstanding its objections, Pruco identified the employee responsible for responding to verification of coverage on the Berger Policy and the employee most familiar with Pruco's protocols and guidelines for providing verification of coverage. Wells Fargo argues that in addition to the individuals identified, Pruco should be required to identify "the persons participating in the development and revisions of the protocols and guidelines during the relevant time period in order to inquire as to the basis of their formulation, including all accumulated data concerning verification inquiries and suspected life settlement activity Pruco has at its disposal and/or relied upon." Motion at 10 (DE 96). Wells Fargo argues that such information "is relevant to the disclosure of evidence concerning Pruco['s] awareness of purported 'STOLI'[5] activity and the steps it took or failed to take to institutionalize reasonable due diligence practices with respect to this activity." Id.

Pruco responds that it has identified all persons with relevant information pertaining to this case – Tracie Rubery, who provided verification of coverage as to the Berger Policy, and Hope Farrell, who was most directly involved with the verification of coverage policies, procedures, and guidelines and who can address Wells Fargo's questions on this topic at

---

[5] Insurance policies obtained solely for resale to stranger-investors on the secondary market are often referred to as "STOLI" policies.

deposition.[6] Additionally, Pruco argues that Wells Fargo's relevancy explanation is merely conclusory; it has failed to explain how the identity of all Pruco employees involved in any way at any time with verification of coverage is relevant to Pruco's awareness of purported STOLI activity. This Court need not now determine the relevancy of the additional information sought by Wells Fargo because it concludes that Interrogatory No. 5 is facially overbroad.

Responding to Interrogatory No. 5, as phrased, would require Pruco to identify <u>all</u> "employees, consultants, independent contractors, and legal counsel, who participated <u>in any way</u> in assisting [Pruco] in responding to verification of coverage requests from secondary market providers and/or brokers," including all individuals who "provided direct responses to such providers and brokers as well as helping Pruco establish protocols and guidelines for providing such responses," even if those individuals were only tangentially involved. Moreover, this Interrogatory is not limited to any particular time period. According to Pruco, it responds to over a hundred individual verification of recovery requests each year and a complete answer would require it to investigate the circumstances of each individual verification of coverage request to determine whether the party requesting the information was a secondary market provider and/or broker. The Court, therefore, will not require Pruco to provide a supplemental or better answer to Interrogatory No. 5.

<u>SECOND SET OF INTERROGATORIES</u>

On February 14, 2011, Wells Fargo served on Pruco a Second Set of

---

[6] According to Pruco, it has informed Wells Fargo several times that Farrell is its Rule 30(b)(6) designee on this topic.

Interrogatories. According to Pruco, however, it was not aware of these Interrogatories until Wells Fargo provided another copy on March 29, 2011. Pruco's counsel informed Wells Fargo's counsel that Pruco's responses would be forthcoming. In an abundance of caution, however, Wells Fargo has moved the Court to require Pruco to respond forthwith. In its Reply (DE 127), Wells Fargo indicates that Pruco did respond to its Second Set of Interrogatories (albeit untimely) on May 17, 2011. Accordingly, the Motion with respect to the Second Set of Interrogatories is DENIED as moot.

Based on the foregoing, it is hereby ORDERED as follows:

1. Wells Fargo's Motion to Compel with respect to its First Set of Interrogatories is GRANTED in part and DENIED in part. On or before July 12, 2001, Pruco shall provide full and complete answers to Interrogatory Nos. 2 and 4. Pruco is not required to supplement its answers to Interrogatory Nos. 1, 3, and 5.

2. Pruco's outside counsel shall verify that it is answering Interrogatory Nos. 1, 2, 3, and 4 as an agent of Pruco.

3. Wells Fargo's Motion to Compel with respect to its Second Set of Interrogatories is DENIED as moot.

DONE AND ORDERED in Fort Lauderdale, Florida, this 5th day of July 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record