Florida Staff Analysis, S.B. 648, 3/24/2008

Senate Staff Analysis and Economic Impact Statement, Senate Bill 648

March 24, 2008
Florida Senate
2008 Regular Session

(This document is based on the provisions contained in the legislation as of the latest date listed below.)

Prepared By: The Professional Staff of the Judiciary Committee

BILL: CS/SB 648

INTRODUCER: Judiciary Committee and Senator Posey

SUBJECT: Insurable Interests/Insurance Contracts

DATE: March 24, 2008   REVISED: _____ _____ _____ _____ _____ _____ _____ _____

|   | ANALYST | STAFF DIRECTOR | REFERENCE | ACTION |
|---|---|---|---|---|
| 1. | Knudson | Deffenbaugh | BI | Favorable |
| 2. | Cary | Maclure | JU | Fav/CS |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |

| Please see Section VIII. for Additional Information: ||
|---|---|
| A. COMMITTEE SUBSTITUTE | ?? Statement of Substantial Changes |
| B. AMENDMENTS | [] Technical amendments were recommended |
| | [] Amendments were recommended |
| | [] Significant amendments were recommended |

**I. Summary:**
This bill is expressly intended to clarify current Florida law relating to insurable interests and the pur-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT "B"

chase of life insurance. Florida case law has interpreted Florida law as prohibiting the issuance of a life insurance policy to someone who does not have an insurable interest in the insured, but the statutory and case law provides very little guidance on determining whether an insurable interest exists. The bill contains the recommendations of the Real Property, Probate and Trust Law Section of the Florida Bar.

The bill states that a person may purchase insurance on his or her own life or body for payment to any beneficiary. However, an insurance contract may not be purchased on another person unless the benefits under the insurance are payable to the individual insured, the insured's personal representatives, or a person that had an "insurable interest" in the life of the insured when the contract was entered into. The bill defines the various circumstances that constitute an insurable interest for purposes of purchasing an insurance contract.

The bill requires the written consent of the insured as a prerequisite to the issuance of a contract of insurance on the insured, with exceptions. The signature of the proposed insured on the application for insurance constitutes written consent.

The bill provides a right of recovery against persons who receive insurance policy benefits if they did not have an insurable interest in the insured when the insurance contract was entered into.

This bill substantially amends section 627.404, Florida Statutes.

## II. Present Situation:

### Insurable Interest

It is a general prerequisite to the issuance of a policy of insurance that the insured must suffer a loss or harm if the event insured against occurs. The requirement is designed to combat the possible evil (moral hazard) that accompanies a situation where a person receives monetary payment and suffers no harm upon the death or injury of another party, or upon the destruction or damage of a piece of property. Thus, a person cannot purchase a life insurance policy on another person if that other person's death will only have the effect of enriching the policyholder, lest the policyholder be tempted to bring about the demise of the other person.

Historically, the English Parliament created the first insurable interest requirement in 1746, when it required an insurable interest in the life and continued operation of English ships and their crews in order to prevent life or casualty insurance from being bought as a form of gambling that has the additional effect of hoping for the death and destruction of the ship and its crew in order to win the bet. A later law was passed in 1774 that required an insurable interest for the purchase of any policy of life insurance. That law was passed primarily to stop the practice of buying life insurance on the life of elderly celebrities and persons accused of capital crimes, which was being done for gambling and entertainment purposes at the time.

An insurable interest exists for purposes of life insurance when (at the time the policy is entered into) the policyholder has a reasonable expectation that he or she will benefit from the continued life and health of the person the policy covers. The benefit is required to be either one of love and affection due to the relationship the policyholder has to the insured or a pecuniary benefit such that the policyholder benefits financially from the continued life and health of the insured. Additionally, the insured must consent in order for the life insurance policy to be purchased.

### Florida's Insurable Interest Requirements on Life Insurance

Section 627.404, F.S., is the only statute dealing with insurable interests related to life insurance. The statute is brief and only contains two provisions. The first is that an insurer is entitled to rely on the statements made by an applicant related to whether the applicant has an insurable interest in the insured, and that the insurer does not have legal liability by virtue of untrue statements that the insurer

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

relies upon in good faith. The second provision allows charitable organizations meeting the requirements of s. 501(c)(3) of the Internal Revenue Code of 1986 (as amended) to own or purchase life insurance on an insured who consents in writing to the purchase of that insurance. Florida statutory law does not contain a provision explicitly requiring an insurable interest, [FN1] nor does it define what an insurable interest is for purposes of personal insurance. [FN2] As a result, the courts have developed most of the law relating to insurable interests in Florida. It is a Florida Supreme Court ruling that has found that "Florida law prohibits issuance of an insurance policy to one who has no insurable interest in the insured." [FN3]

**Estate Planning & the Insurable Interest Requirement**

Estate planners and life insurance professionals often use irrevocable life insurance trusts in estate planning. It is an irrevocable trust that is created primarily to hold the life insurance of the grantor, and is created primarily for tax purposes. Benefits from the grantor's life insurance policy are not considered part of the grantor's estate and are not subject to applicable estate taxes. A federal district court case, *Chawla v. Transamerica Occidental Life Insurance Company*, [FN4] has caused concern as to whether the trustee of an irrevocable life insurance trust has an insurable interest in the life of the trust grantor and thus can collect the proceeds of the life insurance policy for distribution to beneficiaries. In *Chawla*, Mrs. Chawla and her friend Mr. Giesinger sought to purchase a life insurance policy on Mr. Giesinger's life with Mrs. Chawla as the beneficiary. However, the insurable interest statute in Maryland prevented that (she was not related to Mr. Giesinger, nor could she expect a financial benefit from his continued life). As a means of circumventing the insurable interest law, Mrs. Chawla and the patient agreed to create a revocable trust with the two of them serving as co-trustees. The plan was that the trust would own the life insurance policy (Mrs. Chawla, not Mr. Giesinger, applied for the policy). Mr. Giesinger would be the beneficiary of the trust as long as he lived, and Mrs. Chawla would be the beneficiary upon his death. The trust owned and was the beneficiary of the life insurance policy, with Mrs. Chawla the trust beneficiary after the patient's death. The insurance company that sold the policy refused to pay its proceeds to the trust, and the court agreed, saying that a trust did not have an insurable interest under Maryland law because it did not have a familial relationship to the insured, nor would it gain from the insured's continued life. On appeal the U.S. Fourth Circuit Court of Appeals determined that the case could have been decided on a separate issue and vacated that portion of the district court opinion dealing with the insurance interest issue. However, life insurers and estate planners remain concerned given the lack of clarity under current Florida law.

**Corporate Owned Life Insurance (COLI) [FN5]**

During the past decade there have been cases involving the purchase by large corporations of life insurance on rank and file employees under policies owned by and payable to the corporation. In many instances, the employees were unaware of the purchase of insurance on their lives. Many of these so-called "janitor insurance" cases have been decided against the corporations because of an absence of an insurable interest in the lives of the insured employees, or due to lack of the employees' consent to the purchase of insurance on their lives. In contrast, case law generally recognizes a company's insurable interest in "key" employees.

**Recommendations of the Real Property, Probate and Trust Law Section of The Florida Bar**

This bill is the product of recommendations from the Real Property, Probate and Trust Law Section of The Florida Bar, as an attempt to clarify current Florida law and to have a comprehensive insurable interest statute, in order to provide guidance for estate planners, insurance professionals, and regulators. The primary concern appears to be the uncertainty surrounding the use of irrevocable life insurance trusts in estate planning, in light of the *Chawla* case, as well as the COLI issues, described

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

above.

### III. Effect of Proposed Changes:

This bill amends s. 627.404, F.S., relating to insurable interests. The bill defines an insurable interest for the purpose of purchasing insurance.

New subsection (1) first states that a person may obtain an insurance contract on his or her own life or body with benefits to be paid to any other person. However, a person may obtain an insurance contract on the life or body of another person only if benefits under the policy are payable to:

- The individual insured;
- The insured's representatives; or
- A person having an insurable interest in the individual insured when the insurance contract was made.

By requiring that an insurable interest must exist when the contract was made, it need not exist when the loss occurs. For example, an insured may obtain a policy of insurance on his or her own life and thereafter assign it to anyone the insured may choose.

New subsection (2) defines when an insurable interest exists for purposes of life, health, or disability insurance. An insurable interest exists in and such insurance may be purchased on:

- *Yourself*: an individual has an insurable interest in his or her own life, health and body.
- *Family members and loved ones*: an individual has an insurable interest in another person who is a close relation by blood or law and in whom the individual has a substantial interest engendered by love and affection. (According to the Real Property, Probate and Trust Law Section of The Florida Bar, this is consistent with most state laws, which require both a relationship by blood or law *and* a substantial interest engendered by love and affection.)
- *Others if their health and life is of substantial benefit to you financially*: an individual has an insurable interest in another person if there is a substantial pecuniary advantage in the continued life, health, and safety of that other person and the individual will have a substantial pecuniary loss upon the death, illness, or disability of that other person.
- *Other parties to a contract for the sale of a business*: an individual party to a contract for the purchase or sale in a business entity has an insurable interest in the life of the other parties for purposes of that contract.
- *Grantors of trusts, their relations, and others*: A trust or trustee acting in its fiduciary capacity has an insurable interest in the life of the trust grantor, persons closely related by blood or law to the grantor, or individuals in whom the grantor has an insurable interest. The insurable interest only exists if the life insurance proceeds are primarily for the benefit of trust beneficiaries that have an insurable interest in the life of the insured.
- *Beneficiaries*: a guardian, trustee, or fiduciary that acts in a fiduciary capacity has an insurable interest in a beneficiary and in any person for which the beneficiary has an insurable interest.
- *Persons who consent in writing to a charity*: a charitable organization pursuant to s. 501(c)(3) of the Internal Revenue Code of 1986, as amended, has an insurable interest in the life of any person who consents in writing to the charity's ownership or purchase of insurance on that person. This provision is the substance of current s. 627.404(2), F.S.
- *Participants in a retirement or deferred compensation plan who consent in writing*: a trustee or custodian of a retirement or deferred compensation plan, including those governed by the Employee Retirement Income Security Act of 1974, has an insurable interest in the life of participants in the plan who consent in writing to the plan's ownership of a life insurance policy on that person. The bill prohibits an employer, trustee, or custodian from taking adverse action against a plan parti-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

cipant who refuses to consent to the issuance of life insurance on the participant's life.
- *Owners, directors, officers, partners, managers, and key employees of a business*: a business entity has an insurable interest in the life, body, or health in its owners, directors, officers, partners, and managers, and in key employees if their loss will result in a substantial pecuniary loss. (This would not allow a business entity to obtain an insurance policy on an employee who was not a "key" employee whose loss would not result in a substantial pecuniary loss to the business.)

Subsection (4) specifies that an insured or the insured's representative has a right of recovery against any person that receives insurance policy benefits if that person did not have an insurable interest in the insured when the insurance contract was entered into. The bill does not address whether an insurance contract is void if there is not an insurable interest, or if the insurer is liable if it knowingly or negligently issues a policy to a person who does not have an insurable interest in the insured.

Subsection (5) requires the written consent of the insured as a prerequisite to the issuance of a contract of insurance on the insured. The bill specifies the following exceptions to this requirement:
- Group life insurance or group or blanket accident, health, or disability insurance.
- A person having an insurable interest in the life of a minor younger than 15 years of age or upon whom the minor is dependent for support and maintenance may effectuate a policy on the minor without the minor's consent.

Subsection (6) states that the insured's signature on a policy application constitutes written consent.

Subsection (7) states that the provisions of this section do not apply to life insurance contracts issued by insurers domiciled outside the United States covering persons who, at the time the contract was entered into, are not U.S. residents and are not illegally residing in the United States, pursuant to s. 624.402(8), F.S.

The bill expressly states that this bill intends to clarify the existing law relating to insurable interests. The bill, in part, appears to be in response to uncertainty created by the *Chawla* U.S. District Court decision discussed in the Estate Planning & the Insurable Interest Requirement section in Part II of this analysis.

The bill is effective July 1, 2008.

### IV. Constitutional Issues:

A. Municipality/County Mandates Restrictions:
None.
B. Public Records/Open Meetings Issues:
None.
C. Trust Funds Restrictions:
None.

### V. Fiscal Impact Statement:

A. Tax/Fee Issues:
None.
B. Private Sector Impact:
The bill may help insurance professionals and estate planners avoid litigation, potential liability, and unintended consequences arising from issues of insurable interest that are clarified by this bill.
The person insured or his or her estate or representative is provided a right of recovery against any person who receives insurance policy benefits if that person did not have an insurable interest in the insured when the insurance contract was entered into.
C. Government Sector Impact:
None.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**VI. Technical Deficiencies:**
None.
**VII. Related Issues:**
None.
**VIII. Additional Information:**
A. Committee Substitute - Statement of Substantial Changes:
(Summarizing differences between the Committee Substitute and the prior version of the bill.)
**CS by Judiciary on March 25, 2008:**
The committee substitute:
- Limits third-party policies other than life, accident, health, or disability policies, where the insured does not consent in writing, to minors under the age of 15 years of age.
- Makes technical changes to some language.
- Limits policies by a fiduciary to policies primarily for the benefit of persons having an insurable interest in the insured.
- Requires an employer obtaining a policy on key employees to obtain written permission. Prohibits the employer from taking adverse action against employees that do not consent to the policy.
- In the provision providing a right of action to recover benefits, removes the words "directly or indirectly" where they were used to describe how the policy was procured.

B. Amendments:
None.

This Senate Bill Analysis does not reflect the intent or official position of the bill's introducer or the Florida Senate.

[FN1]. Section 627.631, F.S., requires an insurable interest pursuant to obtaining a policy for health insurance, but does not apply in the context of life insurance.

[FN2]. Section 627.405, F.S., contains a definition of insurable interest, but that section deals with insurable interests in property, not in persons.

[FN3]. *Life Ins. Co. of Georgia v. Lopez*, 443 So. 2d 947, 948 (Fla. 1983).

[FN4]. *Chawla v. Transamerica Occidental Life Ins. Co.*, 2005 WL 405405 (E.D. Va. 2005), *aff'd in part, vac'd in part*, 440 F.3d 639 (4th Cir. 2006).

[FN5]. *White Paper on Proposed Revisions to the Florida Statutes Section 627.404* (Feb. 27, 2008), Real Property, Probate and Trust Law Section of The Florida Bar, citing Zaritsky and Leimberg, Tax Planning with Life Insurance (2d Ed. 2005), 2006 Supp.

FL Staff An., S.B. 648, 3/24/2008

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.