UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80804-CIV-COHN/SELTZER

PRUCO LIFE INSURANCE COMPANY,

      Plaintiff,
vs.

STEVEN M. BRASNER, individually and as
Principal of Infinity Financial Group, LLC;
MARK A. TARSHIS; INFINITY FINANCIAL
GROUP LLC; WELLS FARGO BANK, N.A.,
as Securities Intermediary; and John Does 1-10,

      Defendants.
_____/

**MOTION OF DEFENDANT WELLS FARGO BANK, N.A., AS SECURITIES
INTERMEDIARY, TO ALTER OR AMEND JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e) AND
INCORPORATED MEMORANDUM OF LAW**

Defendant Wells Fargo Bank, N.A., as Securities Intermediary ("Wells Fargo"), by and through undersigned counsel, hereby moves the Court, under Rule 59(e), Federal Rules of Civil Procedure, for an order altering or amending the Final Judgment to: (1) address the appropriate disposition of the Berger Policy premiums that Wells Fargo, on behalf of Lavastone Capital LLC ("Lavastone"), deposited in the Court Registry pursuant to this Court's Order dated May 11, 2011 and (2) direct the Clerk to release these funds to Wells Fargo. In support of this motion, Wells Fargo states as follows:

**INTRODUCTION AND BACKGROUND**

1.      On July 9, 2010, Plaintiff Pruco Life Insurance Company ("Pruco") filed a five-count Complaint alleging, among other things, fraud in the procurement of a policy on the life of Arlene Berger (the "Policy") and seeking a declaration from this Court that the Policy was void

*ab initio* for lack of an insurable interest at inception.  Pruco also requested that Wells Fargo be "estopped from seeking a **return** of premiums **paid**. . . ."  (D.E. 1 at 19; emphasis added.)

2. At the time the Complaint was filed, Wells Fargo had owned the Berger Policy on behalf of Lavastone for a year and one-half, during which it had made premium payments in the amount of approximately $35,000 (per quarter) to Pruco.

3. After Pruco filed its Complaint on July 9, 2010, Wells Fargo attempted to continue to make the quarterly premium payments owed on the Policy.  Wells Fargo continued to attempt to make these premium payments to both preserve its rights to the Policy in the event that it prevailed in this lawsuit and to keep the Policy up to date in case the Court later deemed it valid and enforceable.  Pruco, however, refused to accept the premium payments Wells Fargo sought to make on the Policy after the Complaint was filed.

4. Accordingly, in May 2011, Wells Fargo filed an unopposed motion for leave of court to deposit in the Court Registry (i) the premium payments Pruco had refused to accept up to that point and (ii) all subsequent quarterly payments that continued to come due on the Policy during the duration of the lawsuit (D.E. 109).  This Motion for Leave specifically provided that the relief sought was without prejudice to the parties' claims and defenses, and further provided that Wells Fargo fully reserved and did not waive its position concerning the premiums. (Motion for Leave at ¶7.)  (A copy of the Motion for Leave is Exhibit "A" to this motion.)

5. On May 11, 2011, the Court granted the Motion for Leave and ordered Wells Fargo to deposit the unaccepted payments (which at that time totaled $112,301.53) and all subsequent premium payments into the Court Registry (D.E. 111).  (A copy of the Order is Exhibit "B" to this motion.)

6. On October 6, 2011, Wells Fargo filed a notice of premium payments deposited in the Court Registry (D.E. 225). (A copy of the Notice is Exhibit "C" to this motion.) Since the inception of this lawsuit, Wells Fargo has deposited $155,473.20 into the Court Registry. (*See* Notice and Order.)

7. On November 14, 2011, the Court denied Wells Fargo's motion for summary judgment and granted Pruco's motion for summary judgment ("Summary Judgment Order") (D.E. 246). In the Summary Judgment Order, the Court ruled that it would "leave the parties as it found them and decline to award Wells Fargo the <u>return</u> of its premium payments." (SJ Order at 27; emphasis added.) The Order did not address the appropriate disposition of the premiums payments that Wells Fargo had deposited in the Court Registry due to Pruco's refusal to accept them.

8. On that same day, November 14, 2011, the Court entered summary final judgment in favor of Pruco and against Wells Fargo and declared the Policy void *ab initio*, stating that "Defendant shall take nothing from Plaintiff." (D.E. 247.) The Final Judgment did not address the proper disposition of the premium payments that Pruco had refused to accept and Wells Fargo had therefore deposited in the Court Registry pursuant to this Court's May 11, 2011 Order.

9. Pruco has now taken the position that, under the Summary Judgment Order and the Final Judgment, it is entitled to the funds deposited in the Court Registry notwithstanding that it had previously explicitly refused to accept those funds and did not therefore "possess" them at the time it filed suit. Wells Fargo, on the other hand, believes that it is entitled to all funds deposited in the Court Registry and all interest earned thereon. Accordingly, in light of the facts surrounding these payments, Wells Fargo respectfully requests that the Final Judgment be

amended to explicitly direct the release of the funds in the Court Registry to Wells Fargo as the party entitled to them.

## WELLS FARGO IS ENTITLED TO THE FUNDS
## IN THE COURT REGISTRY[1]

10. In determining, in its Summary Judgment Order, that Pruco was not required to return the premiums paid on the Berger Policy, the Court stated the <u>general</u> rule that "contracts that are void as contrary to public policy will not be enforced by the courts and ***the parties will be left as the court found them***," quoting *TTSI Irrevocable Trust v. Reliastar Life Ins. Co.*, 60 So. 3d 1148, 1149 (Fla. Dist. Ct. App. 2011) (emphasis added). In applying this general rule, the Court stated plainly that "this Court will leave the parties ***as it found them***."[2] (Summary Judgment Order at 27; emphasis added.)

11. On July 9, 2010, which is the date that this action was commenced and thus the date the Court "found" the parties, Pruco had received over $600,000 in premium payments on the Berger Policy, and over $200,000 of this amount had been paid by Wells Fargo. (Motion for Leave at 2.) Starting on July 9, 2010, Pruco ***refused to accept*** any more premium payments from Wells Fargo and began to return ***all*** premium payment checks starting with the July 19, 2010

---

[1] Wells Fargo reserves all of its appellate rights with respect to the Summary Judgment Order and the Final Judgment.

[2] By filing this motion, Wells Fargo does not concede that Pruco is entitled to retain the premiums paid on the Berger Policy before July 9, 2010 but, instead, continues to maintain that the general rule stated in *TTSI* does not apply where – as here – the party making the premium payments was an innocent purchaser on the secondary market and where – as here – the party making the premium payments did not participate *in pari delicto* with the party who committed the fraud and/or violated the public policy sought to be enforced. Under the facts that existed in the present case – which were far different from those in *TTSI* – Wells Fargo maintains that the rule applied in *Diaz v. Florida Insurance Guaranty Ass'n, Inc.*, 650 So. 2d 675 (Fla. Dist. Ct. App. 1995), *cited in* this Court's Order Denying Motion to Dismiss (D.E. 64), should have been applied here. *See id.* at 676 (finding insurance policy void *ab initio* and directing the trial court to return <u>all</u> premiums the insurer collected on the policy).

payment of $34,112.55. (*Id.*) Nonetheless, to preserve its rights in the event the Court found the Policy to be valid, Wells Fargo continued to attempt to make all premium payments due and later deposited these refused payments in the Court Registry pursuant to this Court's May 11, 2011 Order. Pruco's refusal to accept the premium payments after July 9, 2011, evidences its concession that it was not entitled to premium payments after the date upon which it first sought a declaration that the Policy was void *ab initio.*

12. Thus, all of the premium payments due and owing <u>after</u> July 9, 2010 were never in the possession of Pruco, and they remained in either the possession or control of Wells Fargo, which later deposited them in the Court Registry. Therefore, because the Court did not "find" Pruco in possession of these premium payments as of July 9, 2010, they must be released from the Court Registry and paid to Wells Fargo as the rightful owner of these funds.

WHEREFORE, Wells Fargo Bank, N.A., as Securities Intermediary, requests this Court to: (1) alter or amend the Final Judgment to specify that defendant Wells Fargo is entitled to possession of the funds deposited in the Court's Registry, along with any accrued interest; and (2) enter an order directing the Clerk of the Court to release the funds (and interest) held in the Registry to Wells Fargo, as Securities Intermediary.

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with Pruco's counsel in a good faith effort to resolve the issues addressed in this motion, but has been unable to resolve the issues.

                                                           s/ John K. Shubin            
                                                           John K. Shubin, Esq.

Date: December 12, 2011
      Miami, Florida

Respectfully submitted,

/s John K. Shubin_____
John K. Shubin (Florida Bar Number: 771899)
jshubin@shubinbass.com
Juan J. Farach (Florida Bar Number: 957704)
jfarach@shubinbass.com
SHUBIN & BASS, P.A.
46 S.W. 1st Street, Third Floor
Miami, Florida 33130
Telephone: (305)381.6060
Facsimile:  (305)381.9457
*Attorneys for Defendant, Wells Fargo Bank, N.A.*
*as Securities Intermediary*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all Counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

\_\_\_\_\_s/ Juan J. Farach_____
Juan J. Farach, Esq.

**SERVICE LIST**
**Pruco Life Ins. Co v. Brasner, et al.**
**Case No. 10-CV-80804 Cohn/Seltzer**
**United States District Court, Southern District of Florida**

Wendy L. Furman, Esq.
wfurman@pettfurman.com
PETT FURMAN, PL
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, Florida 33431
Tel. (561) 994-4311
Fax (561) 982-8985
*Attorneys for Plaintiff,*
*Pruco Life Insurance Company*
Service by CM/ECF

Stephen A. Serfass, Esq.
Stephen.serfass@dbr.com
Michael D. Rafalko, Esq.
Michael.rafalko@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Tel. (215) 988-2700
Of Counsel/Pro Hac Vice
*Attorneys for Plaintiff,*
*Pruco Life Insurance Company*
Service by CM/ECF