UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80804-CIV-COHN/SELTZER

PRUCO LIFE INSURANCE COMPANY,

    Plaintiff,

vs.

STEVEN M. BRASNER, individually and as
Principal of Infinity Financial Group, LLC;
MARK A. TARSHIS; INFINITY FINANCIAL
GROUP LLC; WELLS FARGO BANK, N.A.,
as Securities Intermediary; and John Does 1-10,

    Defendants.
_____/

### MOTION OF DEFENDANT WELLS FARGO BANK, N.A., AS SECURITIES INTERMEDIARY, FOR STAY OR CONTINUANCE OF SCHEDULED TRIAL PENDING APPEAL AND INCORPORATED MEMORANDUM OF LAW

Defendant Wells Fargo Bank, N.A., as Securities Intermediary ("Wells Fargo"), by and through undersigned counsel, hereby files this motion for a stay of the limited trial on the premium issue (currently scheduled for the trial period commencing October 22, 2012) (and pretrial deadlines for such trial) pending resolution by the United States Court of Appeals for the Eleventh Circuit of Wells Fargo's pending appeal of this Court's Amended Final Judgment, and, at a minimum, a stay pending resolution of the jurisdictional issues raised by plaintiff Pruco Life Insurance Company ("Pruco") in a motion it recently filed with the Eleventh Circuit.[1]

---

[1] Wells Fargo is filing this motion in an abundance of caution and without prejudice to its pending appeal of the Court's Amended Final Judgment. As more fully addressed below, Pruco recently filed with the Eleventh Circuit a motion to dismiss the appeal or to construe this Court's Rule 60(b) order to be a request for remand. Pruco's motion raises a question about whether this Court had jurisdiction to enter the Rule 60(b) order. Wells Fargo is filing a response to Pruco's motion to address these jurisdictional issues. Thus, while this motion seeks a stay pending resolution of the pending appeal, Wells Fargo also requests, at a minimum, a stay pending resolution by the Eleventh Circuit of Pruco's motion and the jurisdictional issues it raises.

Alternatively, in the event the Court declines to stay this matter pending appeal, Wells Fargo requests a trial continuance of 120 days to allow Wells Fargo to conduct limited discovery concerning the newly discovered evidence at issue in the Court's Rule 60(b) order [DE 276]. In support of this motion, Wells Fargo states as follows:

## INTRODUCTION

The Court's Amended Final Judgment in favor of Pruco and against Wells Fargo, which declared that the $10 million insurance policy on the life of Arlene Berger (the "Berger Policy") is void *ab initio*, is currently on appeal before the Eleventh Circuit. Wells Fargo's pending appeal addresses dispositive issues, such as (i) whether the two-year contestability period under Florida law bars Pruco's challenge to the validity of the Berger Policy, (ii) whether the Court applied the correct standard under the Florida insurable interest statute (Section 627.404, Fla. Stat.) in determining that the Berger Policy is void *ab initio*, and (iii) whether Wells Fargo is entitled as a matter of law to the return of the premiums paid for the Berger Policy to the extent the Berger Policy is declared void *ab initio*.

In the meantime, based on the Court's recent ruling on Wells Fargo's Rule 60(b) motion based on newly discovered evidence (*i.e.*, Pruco's SIU Report), the Court has vacated the Amended Final Judgment, but *only* as to the issue of which party is entitled to the premiums paid on the Berger Policy in 2009 and 2010 (which equal $206,969.23). The Court concluded that, based on the SIU Report, it would have neither changed its determination that the Berger Policy is void *ab initio* nor changed its rejection of Wells Fargo's affirmative defenses to Pruco's claim. Based on its Rule 60(b) ruling, the Court has scheduled a trial that is limited to the determination of this narrow premium issue.

In light of the dispositive issues currently on appeal, a stay of the limited trial on the premium issue until the Eleventh Circuit completes its review in the pending appeal is warranted in the interests of judicial economy. Resolution of these dispositive issues in favor of Wells Fargo may either render moot the need for a trial on the narrow premium issue or possibly result in an end to this lawsuit. For example, to the extent the Eleventh Circuit rules in favor of Wells Fargo on the contestability issue by applying its prior decision in *Allstate Life Ins. Co. v. Miller*, 424 F.3d 1113, 1115 (11th Cir. 2005), the Court's declaration that the Berger Policy is void *ab initio* would be reversed and the premium issue would be rendered moot. Similarly, if the Eleventh Circuit determines that the Berger Policy is not void *ab initio* because it satisfied the requirements of Florida's insurable interest statute (Section 627.404, Fla. Stat.), the Court's decision would be reversed and there would be no need for a trial on the narrow premium issue. Moreover, to the extent the Eleventh Circuit determines that Wells Fargo is entitled, as a matter of law, to a return of the premiums paid for the Berger Policy, then the limited premium issue now scheduled for trial would be rendered moot.

Accordingly, based on the pending appeal, Wells Fargo requests that the Court exercise its discretion in the interests of judicial economy and stay the limited trial pending the resolution of the appeal (and, at a minimum, stay this matter pending resolution of the jurisdictional issues that are also pending before the Eleventh Circuit concerning the appeal and this Court's Rule 60(b) order).[2]

---

[2] Alternatively, and subject to resolution by the Eleventh Circuit of the jurisdictional issues, if the Court declines to stay the scheduled trial pending appeal, a continuance of 120 days should be granted to allow Wells Fargo to conduct limited discovery in connection with the SIU Report.

## BACKGROUND

### 1. Summary Judgment Order and Amended Final Judgment

On July 9, 2010, Pruco filed a five-count Complaint alleging, among other things, fraud in the procurement of the Berger Policy and seeking a declaration from this Court that the Berger Policy was void *ab initio* for lack of an insurable interest at inception. Pruco also requested that Wells Fargo be "estopped from seeking a return of premiums paid . . . ." (Complaint [DE 1] at 19.)

On November 14, 2011, the Court entered an Order Granting Pruco's Motion for Summary Judgment and Denying Wells Fargo's Motion for Summary Judgment [DE 246] (the "Summary Judgment Order"). In its Summary Judgment Order, the Court rejected Wells Fargo's argument that the two-year contestability period under Florida law barred Pruco's challenge to the validity of the Berger Policy. The Court also rejected Wells Fargo's argument that the Berger Policy complied with Florida's insurable interest statute (Section 627.404, Fla. Stat.), and that the Court should not apply a "subjective intent" standard to that statute to determine insurable interest at inception. Based on the Summary Judgment Order, the Court entered a Final Judgment in favor of Pruco and against Wells Fargo [DE 247], declaring the Berger Policy void *ab initio* and allowing Pruco to retain all premiums paid to it for the Berger Policy. Thereafter, on January 23, 2012, the Court entered an Order Granting Wells Fargo's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) and awarded to Wells Fargo the premiums that had been deposited by Wells Fargo in the Court's Registry since commencement of the action [DE 255]. Based on that Order, the Court entered an Amended Final Judgment in favor of Pruco and against Wells Fargo [DE 256], which still declared the Berger Policy void *ab initio* and allowed Pruco to retain all premiums that had been

paid for the Berger Policy, except for those premium payments deposited by Wells Fargo into the Court's Registry.

### 2. Wells Fargo's Rule 60(b) Motion

On January 9, 2012, Well Fargo filed a motion seeking relief under Federal Rule of Civil Procedure 60(b) based on newly discovered evidence (*i.e.*, Pruco's SIU Report) obtained by Wells Fargo on December 22, 2011 (*i.e.*, after the November 14, 2011 Summary Judgment Order). The motion requested an order (i) directing Pruco, as a matter of law, to return to Wells Fargo the premiums paid from January 2009 through the commencement of this action in June 2010, and (ii) granting Wells Fargo relief from the summary final judgment based on the existence of genuine issues of material fact concerning Wells Fargo's affirmative defenses of waiver, estoppel, unclean hands and laches and a trial on these affirmative defenses.

### 3. Wells Fargo's Pending Appeal of the Amended Final Judgment

On February 21, 2012, Wells Fargo filed a Notice of Appeal [DE 265] of the Amended Final Judgment entered in favor of Pruco and against Wells Fargo. This appeal is currently pending before the Eleventh Circuit (11th Cir. Docket No. 12-10993-FF) (the "Appeal").

### 4. With The Appeal Pending, The Court Rules on Wells Fargo's Rule 60(b) Motion

After Wells Fargo filed its Appeal, the Court entered its Order dated July 25, 2012 [DE 276] granting in part Wells Fargo's Rule 60(b) motion. The Court concluded that the SIU Report raises a disputed issue of fact regarding which party is entitled to the premiums paid in 2009 and 2010. The Court thus reopened the case for a trial on this premium issue (*i.e.*, which party is entitled to the premiums paid in 2009 and 2010). The Court, however, rejected Wells Fargo's argument that the SIU Report is relevant to Wells Fargo's affirmative defenses of waiver, estoppel, unclean hands, and laches as it relates to the Berger Policy being declared void

5

*ab initio*, and thus denied the portion of the Rule 60(b) motion that sought a reversal of the summary judgment order and Amended Final Judgment and a trial on Wells Fargo's affirmative defenses. As such, the Court concluded that the "Summary Judgment Order and Amended Final Judgment stand on the determination that the Berger Policy is void *ab initio*" and that the SIU Report would not have changed the Court's determination. (7/25/12 Order at 4, 7.) The Court also declined to require Pruco to return the premiums to Wells Fargo *as a matter of law*, which Wells Fargo maintains is required under applicable Florida law.

Based on its ruling on the Rule 60(b) motion, the Court entered a Scheduling Order [DE 277] setting a trial limited to the narrow premium issue (*i.e.*, which party is entitled to the premiums paid in 2009 and 2010) for the two-week trial calendar commencing October 22, 2012, and also setting pretrial deadlines for this limited trial (including September 2012 deadlines).

**5. Pruco's Pending Motion to Dismiss Appeal**

Thereafter, on August 17, 2012, Pruco filed with the Eleventh Circuit a motion to dismiss the Appeal or to construe the Court's July 25, 2012 Order granting Rule 60(b) relief to be a request for remand. Pruco's motion raises a question about whether this Court had jurisdiction to enter the Rule 60(b) order. Wells Fargo is filing a response in opposition to Pruco's motion. Wells Fargo maintains that the Eleventh Circuit has jurisdiction over the Appeal because, among other things, there is a final appealable judgment (*i.e.*, the Amended Final Judgment). Moreover, one of the jurisdictional issues being resolved as part of Pruco's motion is whether this Court had jurisdiction to rule on the Rule 60(b) motion based on the pending Appeal. Nonetheless, even if the Court had jurisdiction to rule on the Rule 60(b) motion pending Appeal, the Amended Final Judgment in favor of Pruco and against Wells Fargo still stands because the Court's declaration that the Berger Policy is void *ab initio* has not been vacated.

**MEMORANDUM**

A. **The Court's Broad Discretion To Grant Stay Of Proceeding Pending Appeal**

It is well established that district courts have broad discretion to stay proceedings and can authorize a stay simply as a means of controlling the district court's docket and of managing cases before the court. *Clinton v. Jones,* 520 U.S. 681, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). Thus, a stay is particularly appropriate where, as here, it would promote judicial economy and efficiency. S*ee Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Cypress Chase Condo. Ass'n v. QBE Ins. Corp.*, 2011 WL 1544860, *5 (S.D. Fla. April 15, 2011) (Cohn, J.) (granting stay of action pending resolution of Florida Supreme Court's decision in another matter that would likely have a substantial or controlling effect on the action).

B. **A Stay Of The Limited Trial Is Warranted Pending Appeal**

Here, in the interests of judicial economy, the Court should exercise its broad discretion and stay the limited trial on the premium issue (and the pretrial deadlines for such trial) pending resolution of the Appeal before the Eleventh Circuit. A stay pending Appeal allows the Eleventh Circuit to first resolve the dispositive legal issues in this case, and the resolution of those issues may render moot the need for a trial on the premium issue. For example, a ruling by the Eleventh Circuit, applying its decision in *Allstate v. Miller* that the two-year contestability period bars Pruco's challenge to the Berger Policy, would immediately end this entire lawsuit and, thereby, render moot the premium issue and any need to conduct a trial as to this narrow issue.

7

The premium issue may also be rendered moot if the Eleventh Circuit determines that the Berger Policy is not void *ab initio* because it satisfied the requirements of Florida's insurable interest statute at inception. And, even if the declaration that the Berger Policy is void *ab initio* is affirmed on appeal, the Eleventh Circuit may still determine that Pruco is required as a matter of law to return all premiums it has received for the Policy, which would render moot a limited trial on premiums.

Thus, any parallel proceedings, such as a limited trial on the premium issue, conducted while the Appeal is being determined could thus be rendered moot, thereby wasting this Court's resources, as well as those of both parties. A stay pending Appeal will, therefore, conserve judicial resources and also avoid or otherwise minimize the attorneys' fees and expenses to be incurred in connection with any such limited trial. Accordingly, a stay is appropriate pending resolution of the Appeal. And, at a minimum, a stay is appropriate pending resolution by the Eleventh Circuit of the jurisdictional issues concerning the Appeal and the Rule 60(b) order.

### C. Alternatively, In The Event The Court Declines To Stay The Trial Pending Appeal, The Court Should Grant A Trial Continuance To Allow Wells Fargo To Conduct Discovery As To The SIU Report[3]

If the Court declines to stay the trial pending appeal, Wells Fargo requests a continuance of that trial so that it can conduct limited discovery as to the newly discovered evidence (*i.e.*, Pruco's SIU Report). As the Court is aware, Pruco refused to produce the SIU Report to Wells Fargo during the course of discovery in this matter, claiming that it was privileged. Based on Pruco's privilege log (which Pruco did not provide until September 22, 2011) and subsequent

---

[3] Even though the Eleventh Circuit is currently addressing jurisdictional issues concerning the Appeal and the Rule 60(b) order (and subject to resolution of those jurisdictional issues), this alternative request is also made by Wells Fargo in an abundance of caution and without prejudice to its pending Appeal.

discussions with Pruco's counsel, Wells Fargo learned that Pruco had produced the SIU Report to the Florida Department of Financial Services (the "Department"). As a result, Wells Fargo filed a motion to compel Pruco to produce the SIU Report, but the motion was never ruled on because the Court entered the Summary Judgment Order on November 14, 2011 rendering the motion to compel moot. Wells Fargo did not obtain the SIU Report until December 22, 2011, well after the Court entered the Summary Judgment Order, when it obtained the Report from the Department pursuant to previously submitted Florida Public Records Act requests.

As a result, during the course of discovery in this matter, Wells Fargo was unable to question Pruco's representatives and other witnesses at their depositions about the SIU Report, including the facts at issue in (or related to) the Report.[4] At a minimum, Wells Fargo should be allowed to (i) reopen the depositions of Kay Ferrian and other Pruco representatives (including its Rule 30(b)(6) representatives (Michael McFarland and Hope Farrell)) and (ii) depose other witnesses with knowledge of the facts contained in the SIU Report so that they can be questioned as to the SIU Report and any other discoverable evidence contained in or otherwise relating to such Report. Even though the Court has concluded that the SIU Report would not have changed its determination that the Berger Policy is void *ab initio*, Wells Fargo is nonetheless entitled to conduct additional discovery based on the withheld SIU Report. *See Catskill Development, LLC v. Park Place Ent. Corp.*, 286 F.Supp.2d 309, 319 (S.D.N.Y. 2003) ("[P]laintiffs need not show that the outcome of the lawsuit would have been different if the missing evidence had been produced earlier. They need only show that the withheld evidence would have been a valuable tool for obtaining meaningful discovery into some theory of liability.")

---

[4] Not only did Pruco withhold the SIU Report from Wells Fargo, but, at the Aug. 11, 2011 deposition of Kay Ferrian (who authored the SIU Report), Pruco's counsel instructed her not to answer any questions concerning the Report. (Ferrian Depo. Tr. at 50-51, 93-94, 98-99.)

Accordingly, in the event the Court declines to stay the trial on the premium issue, a continuance of 120 days of the scheduled October 22, 2012 trial (and pretrial deadlines for such trial) is warranted so that Wells Fargo has sufficient time in which to conduct the required discovery concerning the SIU Report.

## CONCLUSION

Based on all of the foregoing reasons, Wells Fargo respectfully requests that this Court stay the limited trial (and the pretrial deadlines under the Scheduling Order) pending the Eleventh Circuit's resolution of the Appeal, and, at a minimum, stay this matter pending resolution of the jurisdictional issues that are also pending before the Eleventh Circuit concerning the Appeal and this Court's Rule 60(b) order.  Alternatively, and subject to resolution by the Eleventh Circuit of the jurisdictional issues, if the Court declines to stay this matter pending appeal, Wells Fargo respectfully requests that the scheduled October 2012 trial (and other pretrial deadlines) be continued for 120 days to allow Wells Fargo to conduct limited discovery in connection with the SIU Report.

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred (and made reasonable efforts to further confer) with Pruco's counsel in a good faith effort to resolve the issues addressed in this motion, and has been unable to do so. To date, Pruco's counsel has not yet provided its position as to the relief sought in this motion.

s/ Juan J. Farach_____<br>Juan J. Farach, Esq.

Date:   August 28, 2012             Respectfully submitted,
        Miami, Florida

/s Juan J. Farach_____
John K. Shubin (Florida Bar Number: 771899)
jshubin@shubinbass.com
Juan J. Farach (Florida Bar Number: 957704)
jfarach@shubinbass.com
SHUBIN & BASS, P.A.
46 S.W. 1st Street, Third Floor
Miami, Florida 33130
Telephone: (305)381.6060
Facsimile:  (305)381.9457
*Attorneys for Defendant, Wells Fargo Bank, N.A.*
*as Securities Intermediary*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all Counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              ____s/ Juan J. Farach_____
                Juan J. Farach, Esq.

## SERVICE LIST
Pruco Life Ins. Co v. Brasner, et al.
Case No. 10-CV-80804 Cohn/Seltzer
United States District Court, Southern District of Florida

Wendy L. Furman, Esq.
wfurman@pettfurman.com
PETT FURMAN, PL
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, Florida 33431
Tel. (561) 994-4311
Fax (561) 982-8985
*Attorneys for Plaintiff,*
*Pruco Life Insurance Company*
Service by CM/ECF

Stephen A. Serfass, Esq.
Stephen.serfass@dbr.com
Michael D. Rafalko, Esq.
Michael.rafalko@dbr.com
Nolan B. Tully, Esq.
Nolan.tully@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Tel. (215) 988-2700
Of Counsel/Pro Hac Vice
*Attorneys for Plaintiff,*
*Pruco Life Insurance Company*
Service by CM/ECF

Raoul G. Cantero, Esq.
raoul.cantero@miami.whitecase.com
Maria J. Beguiristain, Esq.
mbeguiristain@miami.whitecase.com
WHITE & CASE LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, FL 33131-2352
Tel. (305) 371-2700
*Co-Counsel for Defendant*
*Wells Fargo Bank, N.A., as Securities Intermediary*