## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80804-CIV-COHN/SELTZER

PRUCO LIFE INSURANCE COMPANY,

      Plaintiff,

vs.

STEVEN M. BRASNER, individually and as
Principal of Infinity Financial Group, LLC;
MARK A. TARSHIS; INFINITY FINANCIAL
GROUP LLC; WELLS FARGO BANK, N.A.,
as Securities Intermediary; and John Does 1-10,

      Defendants.

_____/

## *MOTION IN LIMINE* OF DEFENDANT WELLS FARGO BANK, N.A., AS SECURITIES INTERMEDIARY, AND INCORPORATED MEMORANDUM OF LAW

Defendant Wells Fargo Bank, N.A., as Securities Intermediary ("Wells Fargo"), by and through its undersigned counsel, files this motion *in limine* to exclude certain irrelevant and potentially prejudicial evidence at trial and, as grounds, states as follows:

### INTRODUCTION

Wells Fargo files this motion because Pruco has just revealed that it intends to introduce irrelevant facts that go far beyond the scope of the trial, which, in its September 21, 2012 Order Granting Wells Fargo's Rule 60(b) Motion [DE 287], this Court limited solely to the premium issue.  In the Order, the Court "reopen[ed] this case for a trial on the issue of which party is entitled to the premiums paid in 2009 and 2010."  (Order at 4.)  The Court ordered a trial on this issue because "[Pruco's] SIU Report raises a factual dispute as to ***Pruco's knowledge of the fraud*** and the fact that the Berger Policy was an illegal wagering contract," and thus an issue of

fact exists "as to whether this Court should depart from the general rule articulated in [*TTSI Irrevocable Trust v. Reliastar Life Insurance Co.*, 60 So. 3d 1148 (Fla. Dist. Ct. App. 2011)] and order the premium payments from 2009 and 2010 returned to Wells Fargo."  (*Id*. at 8; emphasis added.)

As the Court recognized in its Order, Pruco sought affirmative relief in the form of a declaration that Wells Fargo be estopped from seeking a return of premiums paid:  "[a]s against Wells Fargo, Pruco sought a declaration that the Berger Policy was void *ab initio* for lack of an insurable interest at inception and requested that Wells Fargo be estopped from seeking a return of premiums paid on the Berger Policy."  (Order at 2 (citing to Compl. [DE 1] at 19 ("Relief Requested").)

Therefore, the central issue to be tried remains:  what did Pruco know (or should it have known) as to the alleged fraud in the procurement of the Berger Policy, and when did it know (or should it have known) of the fraud.

On March 27, 2013, Wells Fargo received from Pruco a rough draft of a Joint Pretrial Stipulation in which Pruco made allegations about Wells Fargo's client, Lavastone Capital LLC ("Lavastone"), and several other nonparties, which allegations were not included in Pruco's complaint.  In the "Concise Statement of Uncontested Facts" portion of the draft stipulation, for example, Pruco made numerous allegations that non-party Coventry Capital LLC ("Coventry Capital") "concealed from Pruco" certain alleged facts, including that Coventry Capital arranged for the LaSalle Bank, N.A. (n/k/a Bank of America) ("LaSalle") loan to the Berger Trust to fund the initial premiums on the Berger Policy.  But more to the point and more alarming, Pruco alleged that the actions and knowledge of Coventry Capital and other non-party entities (*e.g.*,

Coventry First, LLC ("Coventry First"),[1] LaSalle Bank, and Lexington Insurance Company ("Lexington")) are imputable to Wells Fargo and Lavastone even though none of these non-parties are agents of Wells Fargo or Lavastone.

Specifically, under the section titled "Concise Issues of Law for Determination for the Court," Pruco stated: "Pursuant to or as a result of the various contractual relationships between and among Lavastone, Wells Fargo, and Coventry, Coventry's knowledge of the facts surrounding the procurement of the Berger Policy, including but not limited to the fact that Coventry provided the funds for the first premium payment, is imputed to Wells Fargo." (Draft at 18 ¶ 4.)

Presumably, Pruco intends to introduce evidence purportedly tending to prove that Wells Fargo's client (Lavastone) is somehow vicariously accountable for the actions, knowledge, and information of non-parties and plans to argue that these imputations prove that Lavastone was in a better position than Pruco to somehow detect that the Berger Policy was "an illegal wagering contract" – even though Wells Fargo continues to maintain that the Policy was no such thing.

Any evidence as to the actions, knowledge, or information of non-parties Coventry, LaSalle Bank, or Lexington, which evidence Pruco seeks to introduce to prove that Lavastone had greater knowledge and more information than Pruco, must be excluded at trial. Pruco did not include any of these allegations in its Complaint. Therefore they are not at issue here, and Wells Fargo cannot be expected, at this late juncture, to prepare a defense against such irrelevant and prejudicial allegations.

---

[1]     For efficiency's sake in this motion only, we refer to Coventry Capital and Coventry First as "Coventry."

## MOTION and MEMORANDUM OF LAW

### The Purpose of a Motion in Limine

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Blanco v. Capform, Inc.*, No. 11-23508-Civ., 2013 WL 118171, at *1 (S.D. Fla. Jan. 9, 2013) (quoting *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp 2d 173, 176 (S.D.N.Y. 2008)). Motions *in limine* are to be used only for the purpose of having the trial court make an advance ruling on the admissibility of anticipated evidence. *See Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) ("The real purpose of a [m]otion in [l]imine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial."), *cited in Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-Civ., at *1 (S.D. Fla. Feb. 27 2013).

### The Court Should Exclude Evidence of the Actions and Knowledge of Coventry and Other Non-Parties

Through this motion, Wells Fargo seeks to preclude Pruco from introducing any evidence or making any reference at trial to: (a) any legal or factual matter not pled in its Complaint, including (b) any statements, inferences, suggestions, or arguments that the actions of Coventry (or other nonparties) are to be imputed to Wells Fargo or Lavastone.

To the extent that Pruco seeks to introduce evidence or testimony that goes beyond what was pled in its Complaint, Wells Fargo clearly and unequivocally objects to the introduction of such evidence and/or testimony. *See, e.g. Jenkins v. J.C. Penney*, No. CV 107-034, 2008 WL 4327018, at *3 (S.D. Ga. Apr. 21, 2008) (advising that there are two principal purposes of a

4

complaint: "to give each and every defendant fair notice of the basis of [its] claims against the defendants so that they may respond to the Plaintiff's allegations, and to allow th[e] court to determine whether the allegations, if proven, entitle Plaintiff to relief"); *Lowery v. Richmond County Sheriff Dep't*, No. CV 106-090, 2008 WL 64523, at *1 (S.D. Ga. Jan. 4, 2008) (same); *see also Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp.*, 537 So. 2d 561, 563 (Fla. 1988) (advising that "litigants at the outset of a suit must be compelled to state their pleadings with sufficient particularity for a defense to be prepared . . . [and] present all claims to the extent possible, at one time only").

Pruco's "imputation evidence" must be excluded because it goes far beyond the scope of the sole issue to be tried pursuant to the 60(b) Order.  That issue is limited to the extent of **Pruco's** "knowledge of the fraud."  (Order at 8.)  Pruco has never alleged that Wells Fargo or Lavastone had "knowledge of the fraud," which is why Pruco now seeks to **impute** the knowledge of other entities to them.[2]  But this imputation evidence is irrelevant to the issue of Pruco's knowledge, and it is prejudicial because it is an improper attempt to hold Wells Fargo and Lavastone accountable for the actions of others who are not their agents.  To the extent that Pruco contends that it did plead this extraneous matter in its affirmative defenses to Wells Fargo's Counterclaim for negligent misrepresentation, we remind the Court that it dismissed the Counterclaim (in its November 14, 2011 summary judgment order [DE 246]) and thus all allegations and defenses relevant to it are no longer at issue.  Moreover, Pruco has never sought to amend its Complaint to re-plead any of the allegations of its now moot affirmative defenses to the dismissed Counterclaim.

---

[2]     This Court even recognized, at the summary judgment hearing, that Wells Fargo is a wholly innocent party.  (DE 271 at 13.)

5

To summarize: Pruco never properly alleged that Wells Fargo, or its client Lavastone, was somehow accountable for the events surrounding the procurement of the Berger Policy. Therefore, Wells Fargo and Lavastone were never given fair notice of Pruco's imputation theory and have had no opportunity to prepare a defense to such an outlandish position.  The **only** question at issue for trial is ***Pruco's knowledge of the fraud*** and what opportunities **it** had to detect that the Berger Policy violated ***its own internal policy and guidelines*** against issuing life insurance policies that **it** considered to be STOLI.

## CONCLUSION

This Court should enter an Order: (a) precluding the Pruco from referencing any legal or factual matter not pled in its Complaint, including any references, suggestions, or arguments that the actions and knowledge of nonparty Coventry (or other nonparties) are to be imputed to Wells Fargo and Lavastone; and (b) excluding any evidence that states, infers, or references any legal or factual matter not pled in Pruco's Complaint, including matter suggesting or arguing that the actions of Coventry and other nonparties to this action are somehow imputable to Wells Fargo and/or Lavastone.

Date:   March 29, 2013

/s Juan J. Farach_____
John K. Shubin (Florida Bar Number: 771899)
jshubin@shubinbass.com
Juan J. Farach (Florida Bar Number: 957704)
jfarach@shubinbass.com
David R. Hazouri (Florida Bar Number 142387)
dhazouri@shubinbass.com
SHUBIN & BASS, P.A.
46 S.W. 1st Street, Third Floor
Miami, Florida 33130
Telephone: (305) 381.6060
Facsimile:   (305) 381.9457
*Attorneys for Defendant, Wells Fargo Bank, N.A.*
*as Securities Intermediary*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2013, I served the foregoing document on all Counsel

of record identified on the attached Service List in the manner specified.

/s Juan J. Farach

**SERVICE LIST**
**Pruco Life Ins. Co v. Brasner, et al.**
**Case No. 10-CV-80804 Cohn/Seltzer**
**United States District Court, Southern District of Florida**

Wendy L. Furman, Esq.
wfurman@pettfurman.com
PETT FURMAN, PL
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, Florida 33431
Tel. (561) 994-4311
Fax (561) 982-8985
*Attorneys for Plaintiff,*
*Pruco Life Insurance Company*
Service by CM/ECF

Stephen A. Serfass, Esq.
Stephen.serfass@dbr.comNolan B. Tully, Esq.
Nolan.tully@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Tel. (215) 988-2700
Of Counsel/Pro Hac Vice
*Attorneys for Plaintiff,*
*Pruco Life Insurance Company*
Service by CM/ECF

Raoul G. Cantero, Esq.
raoul.cantero@miami.whitecase.com
Maria J. Beguiristain, Esq.
mbeguiristain@miami.whitecase.com
WHITE & CASE LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, FL 33131-2352
Tel. (305) 371-2700
*Co-Counsel for Defendant*
*Wells Fargo Bank, N.A., as Securities Intermediary*
Service by CM/ECF